# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| MARK KING,<br><br>                Plaintiff,<br><br>    v.<br><br>GOVERNMENT OF THE VIRGIN ISLANDS, VIRGIN ISLANDS BUREAU OF CORRECTIONS,<br><br>                Defendant.<br>_____ | 1:16-cv-00025 |

TO:    Mark King, #16-036VIR, *Pro Se*
         1252 East Arica Road
         Eloy, AZ  85131

## ORDER

UPON CONSIDERATION of the recently docketed motion for extension of time that was inadvertently not docketed upon its receipt by the Court on October 11, 2016, and upon review of the undersigned's Report and Recommendation (ECF No. 9), which based the recommendation for dismissal upon Plaintiff's non-response to the Order to Show Cause (ECF No. 5), the undersigned will vacate the Report and Recommendation and grant Plaintiff's motion for additional time to file a proper complaint and either pay a filing fee or move to proceed *in forma pauperis*.

WHEREFORE, it is now hereby **ORDERED**:

1.    The Report and Recommendation (ECF No. 9), entered October 27, 2016, is **VACATED**.

2. Plaintiff's motion for extension of time (ECF No. 8) is **GRANTED**.

3. The Clerk of Court shall furnish Plaintiff with a copy of the case docket, the District Court's **Prisoner Civil Rights Packet**[1], **Section 2241 Packet**[2], and **Section 2254 Packet**[3] bearing the above-captioned civil number.

4. Plaintiff shall have **60 days** from the date of this Order within which to file a Section 1983 complaint or properly pled Section 2241 or Section 2254 petition and pay the requisite filing fee[4] **or** file a motion to proceed without prepayment of fees. ***Failure to do so may result in the dismissal of this case***.[5]

---

[1] The Prisoner Civil Rights Packet contains the following documents:
    (1) Instructions for filing a *Pro Se* Prisoner Civil Rights Complaint under 42 U.S.C. § 1983;
    (2) Civil Cover Sheet (Form JS 44);
    (3) Complaint (Form VI-P-CR);
    (4) Summons in a Civil Action (Form VI-AO 440);
    (5) Instructions for Proceeding *In Forma Pauperis* in a Civil Rights Action; and
    (6) Motion to Proceed in District Court without Prepaying Fees or Costs (Form VI-AO 240-P-CR).
[2] The Section 2241 Packet contains the following documents:
    (1) Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (Form AO 242); and
    (2) Motion to Proceed *In Forma Pauperis* in a 28 U.S.C. § 2254 Action (Form VI-AO 240-2254).
[3] The § 2254 Packet contains the following documents:
    (1) Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Form VI-AO 241); and
    (2) Motion to Proceed *In Forma Pauperis* in a 28 U.S.C. § 2254 Action (Form VI-AO 240-2254).
[4] The filing fee for an application for a writ of habeas corpus is five dollars ($5.00). 28 U.S.C. § 1914(a). The filing fee for a Section 1983 action is currently $400.00. *See* 28 U.S.C. § 1914 (a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ."); District Court of the Virgin Islands, Schedule of Court Fees, effective December 1, 2014 (explaining the District Court's $400.00 fee includes a $50 administrative fee). A plaintiff may pay the filing fee via check or cash. *See* District Court of the Virgin Islands, Schedule of Court Fees, effective December 1, 2014 (explaining "[c]hecks must have pre-printed name, address, telephone number and be made payable to: Clerk, District Court of the Virgin Islands").
[5] The Court **cautions** Plaintiff that, under the Antiterrorism and Effective Death Penalty Act of 1996, a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

ENTER:

Dated: April 19, 2017 /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE

---

(A) the date on which the judgment became final by the conclusion of direct review or the piration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).