**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **MARK KING,** | |
| Plaintiff, | 1:16-cv-00025 |
| v. | |
| **RICK MULGRAV, Director of Bureau of Correction,** | |
| Defendant. | |

TO:    Mark King, #16-036VIR, *Pro Se*
           Saguaro Correctional Center
           1252 East Arica Road
           Eloy, AZ  85131

**ORDER and REPORT AND RECOMMENDATION**

THIS MATTER is before the Court upon *pro se* Plaintiff Mark King's Motion to Proceed in District Court without Prepaying Fees and Costs in a 42 U.S.C. § 1983 action (ECF No. 18) and for initial screening of Plaintiff's amended complaint (ECF No. 17) pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.[1]

**I. *In Forma Pauperis* Application**

Upon the information provided, the Court finds that Plaintiff has demonstrated his inability to pay the required court costs. His application is deficient in that it does not include a certified copy of his inmate trust account that shows all receipts, expenditures,

---

[1] All citations to the United States Code are to the electronic version that appears in Lexis.

*King v. Mulgrav*
1:16-cv-00025
Order and Report and Recommendation
Page 2

and balances during the last six months for any institutional account in his name (a print-out of the transactions for the previous six months).[2] Because of this deficiency, the motion to proceed *in forma pauperis* will be granted conditionally.

## II. Section 1915 Screening

### A. Legal Standards

When a plaintiff has been granted *in forma pauperis* status, the court must screen the complaint for cognizable claims and *sua sponte* dismiss all or any part of the action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327.

"A complaint is 'malicious' when it contains allegations which the plaintiff knows to be false, it is part of a longstanding pattern of abusive and repetitious lawsuits, or it contains disrespectful or abusive language." *Stefanowicz v. SunTrust Mortgage*, 2017 U.S. Dist. LEXIS 3592 at *5 (M.D. Pa. January 9, 2017) (citing *Trader v. R.S.*, 2011 U.S. Dist. LEXIS 47324 at *2 (E.D. Pa. May 2, 2011)).

---

[2] *See* ECF No. 18 at 2. ("An authorized prison official must complete the certification below, AND furnish a certified copy of your institutional account statement showing all deposits, withdrawals, and balances for the prior six-month period, to be filed with this motion.")

*King v. Mulgrav*
1:16-cv-00025
Order and Report and Recommendation
Page 3

Whether a complaint fails to state a claim under § 1915 is governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Schreane v. Seana*, 506 F. Appx 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Accordingly, a court must determine whether the complaint includes "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers*.*" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In reviewing a pro se pleading pursuant to § 1915, the court will accept all of the well-pleaded facts as true, disregard any legal conclusions, and determine whether the facts alleged in the complaint are sufficient to show that the movant has a "plausible claim for relief." *Ball v. Craver*, 2012 U.S. Dist. LEXIS 40025 at *30 (January 30, 2012) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, 235-236 (3d ed. 2004)).

**B. Exhaustion of remedies**

"No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42

*King v. Mulgrav*
1:16-cv-00025
Order and Report and Recommendation
Page 4

U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Plaintiff states that he filed a grievance with the prison and the prison did not respond. (ECF No. 17) at 5. Without further information, the Court cannot conclude with certainty whether Plaintiff has exhausted his administrative remedies.

### C. Causes of Action

### 1. Section 1983

To state a claim in a 42 U.S.C. § 1983 cause of action, a plaintiff must show that the defendant, while acting under color of state law, deprived the plaintiff of rights secured by the Constitution or federal statutes. *West v. Atkins*, 487 U.S. 42 (1988). In his first complaint, Plaintiff named the Government of the Virgin Islands and the Virgin Islands Bureau of Corrections as defendants. In his amended complaint, Plaintiff named Rick Mullgrav, Director of the Virgin Islands Bureau of Corrections, as the sole defendant. Plaintiff's amended complaint alleges actions that occurred at or in Saguaro Correctional Center in Eloy, Arizona. Because Plaintiff's amended complaint shows no causal connection between the defendant, the action, and the plaintiff, and recognizing that this may be an administrative error, the Court will recommend that Plaintiff's amended complaint be dismissed without prejudice and granting him time to amend his complaint for a second time.

*King v. Mulgrav*
1:16-cv-00025
Order and Report and Recommendation
Page 5

**2. Religious Expression**

Plaintiff states that the prison does not provide reasonable opportunities for him to practice his religion; that the prison does not provide dietary choices that are appropriate to his religion; that he is not allowed to possess objects related to his religion, including wearing the Rastafarian headdress or, crown; and that he has been denied contact with religious advisors. (ECF No. 17) at 3 ¶ 1.

"The First Amendment Free Exercise Clause absolutely protects the right to believe in a religion; it does not absolutely protect all conduct associated with a religion." *Stover v. Corr. Corp. of Am.*, 2015 U.S. Dist. LEXIS 24373 *64 (D. Idaho February 27, 2015) (citing *Cantwell v. Connecticut*, 310 U.S. 296, 303-04 (1940)). Inmates retain the First Amendment protection that "no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). However, a prison regulation that limits rights associated with religious practice "is valid if it is reasonably related to legitimate penological interests." *Id.* at 349 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

A well-pleaded complaint includes clearly stated claims and facts to support those claims. *Bell Atlantic*, 550 U.S. at 555. A § 1983 *pro se* complaint that tells the Court who, specifically, violated the plaintiff's rights; what the person did to harm the plaintiff; where and when they did it; and why the person harmed the plaintiff (if known), will generally meet this criteria. The amended complaint, as drafted, does not include these basic criteria

*King v. Mulgrav*
1:16-cv-00025
Order and Report and Recommendation
Page 6

which are essential to the Court in determining whether a Plaintiff has stated a claim that may proceed beyond the screening stage.

### 3. Medical Care

Plaintiff states that he is not receiving medical care for a chronic illness, "which amounts to deliberate indifference to serious medical needs." (ECF No. 17) at 3 ¶ 2.

A claim alleging inadequate medical care must show "deliberate indifference to a prisoner's serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). A sufficiently pleaded claim includes facts that demonstrate that the acts or omissions of the person acting under color of state law were "sufficiently harmful to evidence deliberate indifference [to the plaintiff's] serious medical needs." Plaintiff's cause of action related to his chronic illness is composed of a single conclusory sentence. His sentence does not allege enough facts for the Court to recognize a claim.

### 4. Access to Courts

Plaintiff states that the prison does not provide any legal assistance for the preparation of legal documents and that the law library is inadequate. (ECF No. 17) at 3 ¶ 6. Prisons are mandated "to provide indigent inmates with access to a reasonably adequate law library for preparation of legal actions." *Wolff v. McDonnell*, 418 U.S. 539, 578-579 (1974) (citing *Younger v. Gilmore*, 404 U.S. 15 (1971). "[A] prisoner alleging that he was deprived of his right to access the courts must allege that he suffered some injury as a result of the deprivation." *Adekoya v. Chertoff*, 431 Fed. Appx. 85 (3d Cir. 2011) (citing

*King v. Mulgrav*
1:16-cv-00025
Order and Report and Recommendation
Page 7

*Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997). Here, Plaintiff has not alleged any harm. He has only stated a conclusion that the prison's law library and legal assistance are inadequate.

**5. Contract Violations**

Plaintiff avers that he is a Virgin Islands prisoner being housed at Saguaro pursuant to a contract for services between Virgin Islands Bureau of Corrections (BOC) and Corrections Corporation of America (CCA). Plaintiff states that he is being housed in the same unit with mentally ill inmates, in violation of the contract and in violation of the Consent Decree.[3] (ECF No. 17) at 3 ¶ 3. He states further that his right to be treated as a Virgin Islands prisoner is being violated because CCA does not adhere to the contract's requirements as expressed in the contract and in the scope of services.

Virgin Islands courts have found that "an intended beneficiary acquires a right under the contract" and a finding that a party is an intended beneficiary requires "some expression of an intent by the parties to give the benefit of performance to the beneficiary." *Kmart Corp. v. Balfour Beatty, Inc.*, 994 F. Supp. 634, 636 (D.V.I. February 5, 1998) (citing Restatement (Second) of Contracts (1981)). The Court is unaware of any controlling case law that allows a prisoner to bring a claim as a third-party beneficiary to a contact made between prisons for the housing of inmates. However, the Third Circuit has indicated a willingness to consider the argument. *See Doe v. Pa. Bd. of Prob. & Parole*, 513 F.3d 95 (3d

---

[3] The Court understands Plaintiff's reference to mean the Consent Decree entered in Civil No. 86-265 (D.V.I.).

*King v. Mulgrav*
1:16-cv-00025
Order and Report and Recommendation
Page 8

Cir. 2008). Nonetheless, even if this Court were to entertain the idea that prisoners had standing to sue as third party beneficiaries, Plaintiff has pleaded insufficient facts to recognize a claim.

### III. Conclusion

Plaintiff's amended complaint is indeed flawed. However, "[b]efore dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile." *Smith v. Delaware*, 236 F. Supp. 3d 882, 886 (D. Del. February 21, 2017) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002)). Plaintiff has not alleged sufficient facts that state a claim for relief, nor does it appear that he has named an appropriate defendant. Nonetheless, to preserve Plaintiff's rights, and out of an abundance of caution, it is recommended that this matter be dismissed without prejudice, giving Plaintiff leave to amend his amended complaint.

Based upon the foregoing, it is now hereby

**ORDERED** that Plaintiff's Motion to Proceed in District Court without Prepaying Fees and Costs (ECF No. 18) is **GRANTED conditionally**; and it is further

**ORDERED** that Plaintiff shall have *thirty days* from the date of this Order to submit to the court a certified copy of his institutional account statement showing all deposits, withdrawals, and balances for the six-month period preceding his Motion to Proceed in

*King v. Mulgrav*
1:16-cv-00025
Order and Report and Recommendation
Page 9

District Court without Prepaying Fees and Costs (ECF No. 18), filed May 30, 2017; and it is further

**RECOMMENDED** that Plaintiff Mark King's Amended Complaint (ECF No. 17) be **DISMISSED without prejudice**; and it is further

**RECOMMENDED** that Plaintiff be granted time to amend his amended complaint to state a claim upon which relief may be granted in federal court.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

ENTER:

Dated: March 9, 2018                    /s/ George W. Cannon, Jr.
                                        GEORGE W. CANNON, JR.
                                        MAGISTRATE JUDGE