DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| MARK KING, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) Civil Action No. 2016-0025 |
| RICK MULGRAVE, Director of the Virgin Islands Bureau of Corrections, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

**Appearances:**
**Mark King,** *Pro Se*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER is before the Court on a Report and Recommendation ("R&R") issued by Magistrate Judge George W. Cannon, Jr., (Dkt. No. 20), pursuant to an initial screening of *pro se* Plaintiff Mark King's Amended Complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. In his R&R, the Magistrate Judge recommends that Plaintiff's Amended Complaint (Dkt. No. 17) be dismissed without prejudice. For the reasons that follow, the Court finds that this matter is moot and will dismiss Plaintiff's Amended Complaint.

### I.   BACKGROUND

Plaintiff Mark King was convicted of first-degree murder, conspiracy to commit robbery and possession of an unlicensed firearm in 1979. He was sentenced immediately after his conviction to one life sentence for the murder and five-year terms for the robbery and firearm counts. *See* Judgment and Commitment entered April 26, 1979.

When Plaintiff initiated this action, he did so by sending a letter—which was docketed as a Complaint (Dkt. No. 1)—from the Saguaro Correctional Center ("SCC") in Eloy, Arizona. The Court granted Plaintiff an additional 60 days to file a proper complaint with a standard *pro se* civil rights packet provided to Plaintiff by the Clerk's Office. (Dkt. No. 12). Plaintiff then filed an Amended Complaint, which purported to bring claims pursuant to 42 U.S.C. § 1983 and *Bivens*. (Dkt. No. 17 at 1). Under "Relief Requested," Plaintiff checked the box for injunctive relief. *Id.* at 4.

In the Amended Complaint, Petitioner sought to enjoin the violation of his constitutional rights. *Id.* To this end, Petitioner argued that SCC was violating his rights under the First, Eighth, and Fourteenth Amendments. *Id.* at 2. Specifically, Plaintiff claimed that SCC did not allow him to practice his Rastafarian religion; that it did not provide him with dietary options that were appropriate for his religion; that he could not have various possessions that were related to his religion; and that he could not contact religious advisors. *Id.* at 3. Plaintiff also claimed that he was not receiving medical care for a chronic illness, "which amount[ed] to a deliberate indifference to serious medical needs." *Id.* Plaintiff further stated that SCC did not provide him with any legal assistance for the preparation of legal documents and that the prison's law library was inadequate. *Id.* Finally, Plaintiff claimed that, by housing him in the same unit as mentally ill inmates from the Virgin Islands, the Virgin Islands Bureau of Corrections (BOC) and the Corrections Corporation of America (CCA)[1] were violating a consent decree between the United States and the Virgin Islands. *Id.* Plaintiff sought, by way of injunction, to have these practices discontinued.

---

[1] SCC is a privately-run facility owned and operated by CCA.

Following the filing of the Amended Complaint, the Magistrate Judge screened it pursuant to the Court's authority under 28 U.S.C. § 1915. The Magistrate Judge recommended that the Amended Complaint be dismissed, because Plaintiff did not name a proper defendant, nor could it be determined with certainty whether Plaintiff had exhausted his administrative remedies. (Dkt. No. 20 at 3-4). The Magistrate Judge further found that, even if Plaintiff had exhausted his administrative remedies, a review on the merits resulted in the same recommendation of dismissal, because Plaintiff did not plead sufficient facts to support any of his claims. *Id.* at 8. The Magistrate Judge recommended dismissing the Amended Complaint without prejudice in order to afford Plaintiff a second opportunity to amend his complaint.

Plaintiff subsequently filed a letter (Dkt. No. 24)—which was construed as a "Motion for Extension" to file Objections to the R&R. The Court granted the extension, but a hard copy of the Order was delivered to SCC and returned as undeliverable. (Dkt. No. 28).

The Court's research has revealed that on December 22, 2018, then-Governor of the Virgin Islands Kenneth E. Mapp granted Plaintiff a commutation of his sentence and directed the Virgin Islands Bureau of Corrections to release him immediately. *See* Order Granting A Commutation Of Sentence Of Time Served To Mark King By The Governor Of The Virgin Islands Of The United States, dated December 22, 2018. Plaintiff was then granted his release on December 30, 2018. *See* Government of the Virgin Islands Bureau of Corrections, Certificate Of Parole And/Or Final Discharge, regarding BOC Inmate Number 940043.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Review of Magistrate Judge's R&R

Parties may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended

disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Where the party fails to file timely objections, there is no statutory requirement that the district court review the R&R before accepting it. *Anderson v. United States*, 2019 WL 1125816, at *1 n.1 (M.D. Pa. Mar. 12, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The Third Circuit has determined, however, that as a matter of good practice, district courts should "afford some level of review to dispositive legal issues" raised in an R&R under a plain error standard. *Nara v. Frank*, 488 F.3d 187, 196 (3d Cir. 2007), *as amended* (June 12, 2007) ("[P]lain error review is appropriate where a party fails to timely object to a magistrate judge's R&R."); *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F.Supp.2d 676, 680 (W.D. Pa. 2006), *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'"). A plain error review involves a determination as to whether the R&R contains any "clear" or "obvious" error affecting the plaintiff's "substantial rights." *United States v. Olano*, 507 U.S. 725, 734 (1993) (explaining that to meet the definition of a "plain

error," an error must have been both "obvious" and "prejudicial" in that it "affected the outcome of the district court proceedings").

### B. Mootness Doctrine

Subject matter jurisdiction refers to the Court's power to hear a case. *Cty. of Morris v. Nationalist Movement,* 273 F.3d 527, 533 (3d Cir. 2001). Pursuant to Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Article III of the Constitution provides that federal judicial power extends to cases and controversies. *See* U.S. Const. art III, § 2, cl. 1. The mootness doctrine precludes federal courts from issuing advisory opinions by requiring that an actual controversy exists between adverse litigants. *See, e.g., Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

A justiciable case or controversy requires that a party have a continuing, personal interest in the outcome of the litigation. *See, e.g., Freedom from Religion Found. Inc v. New Kensington Arnold Sch. Dist.,* 832 F.3d 469, 476 (3d Cir. 2016) ("[M]ootness ensures that this [requisite personal] interest 'continues throughout' the duration of the case." (citing *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (1997)). In addition, when events subsequent to the filing of a case mean that the decision of the federal court will not have any effect in the matter before it, the case must be dismissed as moot. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 11 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible

for the court to grant 'any effectual relief whatsoever' to a prevailing party, the appeal must be dismissed.'" (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895))).

Because a suit must be justiciable throughout its pendency, a mootness challenge to subject matter jurisdiction may arise at any time. *See Brown v. Phila. Hous. Auth.,* 350 F.3d 338, 346-47 (3d Cir. 2003); *Williams v. Sec'y Penn. Dep't of Corr.,* 447 F. App'x 399, 402 (3d Cir. 2011). A case is moot if "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Phillips v. Penn. Higher Educ. Assistance Agency,* 657 F.2d 554, 569 (3d Cir. 1981), *cert. denied* 455 U.S. 924 (1982) (citations omitted).

### III.   DISCUSSION

In his Amended Complaint, Plaintiff sought injunctive relief for alleged violations of his rights under the First, Eighth, and Fourteenth Amendments. However, because Plaintiff has since been released from prison, there is no longer an actual case or controversy present within this suit, and Plaintiff's claims for which he sought injunctive relief are thus moot.

It is well established that where a plaintiff seeks injunctive relief against prison officials to whose control he is no longer subject, or against a prison in which he is no longer housed, there is no longer a live controversy and a court cannot grant injunctive relief. *See Abdul–Akbar v. Watson,* 4 F.3d 195, 206 (3d Cir. 1993) (holding that when prisoner was released from maximum supervision unit that "the district court could not provide [the prisoner] with meaningful relief by entering an injunctive order respecting the [maximum security unity] in which [the prisoner] no longer was incarcerated); *Weaver v. Wilcox,* 650 F.2d 22, 27 (3d Cir. 1981) (holding that the prisoner's transfer meant that he "lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge"); *Hennis v. Varner*, 544 Fed. App'x 43, 45 (3d

Cir. 2013) (request for injunctive relief for loss of prison job became moot upon transfer to another prison); *See also White v. State,* 82 F.3d 364, 366 (10th Cir. 1996) ("[A]lthough sovereign immunity will not bar plaintiff's 1983 claims from prospective injunctive relief, any such claims must now be deemed moot, in light of plaintiff's subsequent release on parole") (internal citations omitted); *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993) (holding that inmate's "request for an injunction was obviously mooted when [he] was released from prison."); *Inmates v. Owens,* 561 F.2d 560, 562 (4th Cir. 1977) ("With the exception of the one inmate who was rearrested, all the inmates who sought declaratory and injunctive relief relating to the five conditions of confinement complained of were no longer subjected to the alleged treatment once they were released. Accordingly, we hold that their claims for injunctive relief are moot.").

The Court finds that this case must be deemed moot because of Plaintiff's release from prison. Plaintiff sought injunctive relief in his Amended Complaint, and there is presently no party to the suit who a federal court may order to grant Plaintiff the relief he seeks. Further, Plaintiff's release from prison means that he is no longer subject to the conditions of confinement he sought to challenge while at SCC. The Third Circuit has stated that "[a]n inmate's transfer from the facility complained of generally moots the equitable and declaratory claims…[b]ut these claims are not mooted when a challenged action is (1) too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable likelihood that the same complaining party would be subjected to the same action again." *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (internal citations omitted). Because the exception to the general rule does not apply, the Court lacks jurisdiction to decide Plaintiff's claims.

## IV.    CONCLUSION

Because Plaintiff's release from prison has stripped this Court of jurisdiction, the Amended Complaint will be dismissed. An appropriate Order accompanies this Memorandum Opinion.

Date:    May 27, 2020

                                                              /s/
                                         WILMA A. LEWIS
                                         Chief Judge